## SIEGEL v KOHN et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12141. Decided Jan 25, 1932

MAUCK, PJ, MIDDLETON, J (4th Dist), and FARR, J (7th Dist) sitting.

David Rothkopf, Cleveland, for Siegel.

Boyd, Brooks & Wickham, Cleveland, for Van Sweringen Co and Shaker Heights (City).

Beckerman & Felsman, Cleveland, for defendants.

MIDDLETON, J.

It is apparent, however, that this attorney had no personal connection with the alleged filing of the application and was not present when he claims it was filed. The remaining evidence of the defendants on this matter consists of alleged conversations with parties, some of whom were officials of the City, but such conversations were purely informal and were not regarded by the parties as being made in an official way. Moreover, on page 81 of the record, it is positively stated by the defendants' witness George Kohn that the plans for the building proposed to be erected have never been prepared, and on page 83 of the record it appears that the lower court fully recognized the fact that no application for the construction of the building now contemplated by the defendants had at the time of the trial in that court been made. On the other hand, the testimony of the clerk of the City is positive to the effect that no such application was made and that there is no record of such application.

We are impelled to conclude, therefore, that under the allegations of the petition the defendants are threatening to proceed with the construction of the building without having complied with any of the regulations and ordinances of the City of Shaker Heights. If this conclusion were not justified it is further shown that, under favor of §4368-11 GC an emergency ordinance No. 3128 was enacted by the City Council of said City which provides for an appeal to the Zoning Commission from the refusal of the Inspector of Buildings to grant a building permit. It certainly could not be insisted by the defendants in this action that if, as they claim, they filed an application for such permit it was not refused. It, therefore, follows that if their application was refused they now have a legal remedy which is an appeal to the Zoning Commission. It is not even contended by the defendants that they have ever attempted to make such an appeal. We have no right to assume that on such appeal it would not be possible for the Zoning Commission to adjust the differences of the parties to this action. We

conclude, therefore, that the defendants can have no equitable relief until they have exhausted their legal remedies. See **Oh Law Rep Jan. 18th, 1932, p 136.** Under these conditions we do not regard it our imperative duty to consider any further issues in the case, but we do so to enable the parties to have a full disposition of their contention.

The plaintiff Seigel brought this action to restrain the defendants Kohn from erecting on lot No. 93 located at the northeast corner of Moreland Avenue and Lee Road in the City of Shaker Heights a certain business building. He avers that he is the owner of sublot 97 in the same subdivision as the lot owned by said defendants and that the erection of a building such as contemplated by the defendants would violate the restrictions placed thereon by the allotter The Van Sweringen Company, and that later the same restrictions were imposed by an ordinance of said City of Shaker Heights. We do not regard it necessary to give in detail all the matters appearing in the pleadings subsequently filed herein. It is sufficient to say that The Van Sweringen Company filed an answer in which it adopted the averments of the petition and reiterated the prayer. Also the City of Shaker Heights filed an answer in which it admitted all the averments of the petition except in respect to the application for a building permit which it denied had been made by the defendants Kohn, and it denied that it contemplated granting such permit.

The defendants Kohn in answer to the petition admitted substantially all the allegations of fact contained therein. They admit the restrictions imposed by The Van Sweringen Company but they aver that said Company caused the erection of a rapid transit line which passed underground at the intersection of Lee Road and Moreland Avenue, and has enclosed such line with high walls which destroy the symmetry and beauty of that particular section, and that such improvement is not in harmony with the plan and scheme of the restrictions placed by said company on abutting and adjoining lots.

The defendants further complain in their answer that the City has erected at the northwest corner of the intersection of Lee Road and Moreland Avenue a City Hall, Jail and Fire Department, and that this improvement tends to destroy the purpose and effect of said restrictions.

The answer further avers that the provisions of the City Ordinance aforesaid in its operation on the defendants property are arbitrary and unreasonable and asks that such restrictions be held inapplicable to said lot.

This case differs from the great majority of cases of this kind in that the restrictions complained of were in part on the property when it was purchased and that the property then and now is located in a section in which no buildings other than residence buildings are found. Moreland Avenue is apparently the dividing line and the section north of that avenue in which the lot in question is located is wholly devoted to residential occupation.

The evidence is conflicting. We have at the request of counsel inspected the location of the defendant's lot. We have no doubt that as a business lot it would now be more attractive, but it is located in a section of homes; and the owners of those homes are entitled to the protection of the restrictions in their individual cases, and there is no convincing evidence that such restrictions in the zoning ordinance complained of are not justified at this time. It may be that future developments will change the present situation. When that happens it will then be a matter first for legislating disposition at the demand of the citizens of Shaker Heights. There is nothing shown in the evidence to justify any judicial interference with the functions of the legislative branch of that city.

For the reasons stated, the injunction will be allowed.

MAUCK, PJ and FARR, J, concur.